**UNITED STATES of America,**
**Appellee,**

v.

**Larry MALONEY Defendant–**
**Appellant.**

**No. 03–1209.**

United States Court of Appeals,
Second Circuit.

Jan. 13, 2004.

Charles Lavine, New York, NY, for Appellant.

Harry A. Chernoff, Assistant United States Attorney (James G. Cavoli, Assistant United States Attorney, James B. Comey, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, for Appellee, of counsel.

Present: CABRANES, RAGGI, Circuit Judges and MUKASEY,* District Judge.

* The Honorable Michael B. Mukasey, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Larry Maloney appeals from a judgment of conviction entered on April 9, 2003 in the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*), following a four-day jury trial. Specifically, Maloney claims that the District Court erred when it found that he possessed a firearm in connection with his offense of conviction—*i.e.*, trafficking in counterfeit labels of copyrighted motion pictures and audio recordings, in violation of 18 U.S.C. §§ 2318(a), (c)(3) and 2—and thus imposed a 2-level enhancement to his base offense level under U.S.S.G. § 2B5.3(b)(4).

As Maloney concedes, a reviewing court must accept a district court's findings of fact unless they are clearly erroneous. *United States v. Franklyn*, 157 F.3d 90, 97 (2d Cir.1998). A finding of fact is clearly erroneous only if, after reviewing all the evidence, we are left " 'with the definite and firm conviction that a mistake has been committed.' " *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

Under this standard, it is plain that the District Court did not clearly err when it found, by a preponderance of the evidence,[1] that Maloney possessed a loaded, unregistered handgun in connection with his offense of conviction. Among other things, the record reflects that the handgun in question was found under the only display case in the small store from which Maloney sold counterfeit products; that Maloney opened the store in the morning and closed it at night; that Maloney typically worked alone at the store; and that Maloney stood at the display case where the gun was stored when selling items to customers. This evidence, combined with Maloney's obvious motive for having a gun on hand—namely, protecting his lucrative and illegal all-cash business—amply supports the finding that Maloney possessed a firearm. Accordingly, the District Court did not err when it imposed a two-level enhancement to Maloney's sentence.

We have considered all of plaintiff's claims on appeal and we hereby **AFFIRM** the judgment of conviction.

---

1. Although Maloney was acquitted of possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).